IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE S. BOLEY, SR. | ) |
| Plaintiff, | ) |
| vs. | ) |
| UNITED STATES OF AMERICA | ) Case No. 09 CV 6348 CJS |
| DEPARTMENT OF HOMELAND SECURITY | ) |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE) | ) |
| MATTHEW R. MEYER | ) |
| Defendants. | ) |

FILED JUL 09 2009 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

## COMPLAINT

### NATURE OF CASE

1. This action involves claims arising under 42 U.S.C. 1983, wrongful search and conspiracy, as well as other claims which arise under the common law of the State of New York, including defamation, false imprisonment, false arrest, and outrageous conduct.

### JURISDICTION AND VENUE

2. Comes the Plaintiff, George S. Boley, Sr. and for his cause of action in this Complaint states the following:

3. The jurisdiction in this matter is founded on the existence of a Federal question and amount in controversy. This action arises under the Constitution of the United

1

States, the Fourth, and Fourteenth Amendments as hereinafter more fully appears. The matter in controversy exceeds, exclusive of interest and costs, the sum of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS. Jurisdiction is thereby founded on 42 U.S.C. § 1983.

4. The events that led to this claim took place in Monroe County, New York, and therefore venue is proper for the Western District of New York at Rochester.

5. Plaintiff further evokes the pendent jurisdiction of this court to consider claims arising under state law, in addition to the above stated jurisdictional provisions.

## PARTIES

6. The Plaintiff, George S. Boley, Sr., was a citizen and resident of Monroe County, New York, at all times pertinent to the events that led to this Complaint, and avers that personal jurisdiction is proper in the Western District of New York at Rochester.

7. Defendant United States of America is a sovereign nation and at all times bound by due process of law as established in the United States Constitution. Defendant Department of Homeland Security is a governmental agency of the United States of America and at all times bound by the due process of law as established in the United States Constitution. Defendant United States Immigration and Customs Enforcement is a division within Department of Homeland Security and at all times bound by the due process of law as established in the United States Constitution. Defendant Matthew R. Meyer was employed by the United States of America and was acting under the color of law at all times pertinent to the events that led to this Complaint. Said defendant is being sued individually and in his official capacity.

## FACTS

8. On or around July 11, 2006, Plaintiff was falsely arrested by Defendant for allegations of fraud, more specifically that Plaintiff had used an invalid alien registration card to illegally enter the U.S. on numerous occasions.

9. A criminal complaint was filed by Defendant Meyer which alleged that Plaintiff had abandoned his lawful resident status in the United States on June 25, 1988 and could only enter the United States as an alien.

10. The criminal complaint was dismissed on October 6, 2006 due to unnecessary delay in presenting the charge to the grand jury.

11. As a result of the arrest, and surrounding publicity, Plaintiff was discharged from his employment, and suffered other damages, more fully described below.

## UNREASONABLE SEARCH

12. Plaintiff realleges paragraphs 1 through 11, and further claims the Defendants deprived the Plaintiff his civil liberties by engaging in an unreasonable search in violation of 42 U.S.C. § 1983 and the U.S. Constitution, described hereafter. Plaintiff would also make federal claims for malicious prosecution, abuse of process and false arrest if available under 42 U.S.C. § 1983 and the U.S. Constitution.

13. The Defendants were acting under the color of law, and/or their official capacity during the events mentioned within this Complaint; and

14. Such activities and conduct by the Defendants deprived the Plaintiff of federally protected liberties to be free from unreasonable searches, arrest without cause and prosecution without cause by the government pursuant the Due Process Clause. U.S.

Constitution, Amendment XIV, and the Search and Seizure Clause under U.S. Constitution, Amendment IV.

15. The Defendants knew, or should have known, that Plaintiff was protected by a federal right to be free from unreasonable searches, malicious prosecution and false arrest; and furthermore, the Defendants knew, or should have known, that the actions and conduct of the Defendants described in this Complaint was a clear violation of the Plaintiff's federal right to be free from such unjust actions by the Defendants.

16. Furthermore, the Defendants lacked probable cause to conduct a search, make an arrest, or pursue criminal prosecution, based on the evidence available to Defendants at the time of Plaintiff's arrest. Furthermore, any investigations based on suspicions prior to Plaintiff's arrest yielded no evidence of criminal activity on the part of the Plaintiff, and should have extinguished any suspicions of criminal activity.

17. As a direct and proximate result of the Defendants' action, the Plaintiff has suffered past and future damages including, but not limited to, mental and emotional distress, loss of capacity to enjoy life, loss of earning capacity and loss of reputation. The Plaintiff seeks a judgment for these compensatory damages in the amount appropriate in a court of law in an amount listed further in the Complaint.

18. Furthermore, due to the Defendants' reckless, intentional, malicious, and/or criminal behavior, the Plaintiff seeks punitive damages in the amount that a jury finds appropriate in a court of law.

## CONSPIRACY

4

19. Plaintiff realleges paragraphs 1 through 18, and further claims the Defendants engaged in conspiracy in order to injure the Plaintiff's reputation in violation of 42 U.S.C § 1983 and the U.S. Constitution.

20. The Defendants, as conspirators, were acting under the color of law, and/or their official capacity during the events mentioned within this Complaint; and

21. Such activities and conduct by the Defendants deprived the Plaintiff federally protected liberties under the Due Process Clause, U.S. Constitution, Amendment XIV.

22. The Defendants knew, or should have known, that Plaintiff was protected by a federal right to have Due Process of law when the subject of a criminal "investigation;" and furthermore, the Defendants knew, or should have known, that the actions and conduct of the Defendants described in this Complaint was a clear violation of the Plaintiff's federal right to have Due Process of law when the subject of a criminal "investigation."

23. As a direct and proximate result of the Defendants' conspiracy, the Plaintiff has suffered past and future damages including, but not limited to, mental and emotional distress, loss of capacity to enjoy life, loss of earning capacity and loss of reputation. Furthermore, the Plaintiff seeks damages in accordance with New York Code and 42 U.S.C. § 1988, including statutory penalties, punitive damages, reasonable attorney fees and any litigation costs attributable to the preparation and processing of this claim, including, but not limited to, expert fees. The Plaintiff seeks a judgment for these compensatory damages in the amount appropriate in a court of law in an amount listed further in the Complaint.

24. Furthermore, due to the Defendants' reckless, intentional, malicious, and/or criminal behavior, the Plaintiff seeks punitive damages in the amount that a jury finds appropriate in a court of law.

## DEFAMATION

25. Plaintiff realleges paragraphs 1 through 24, and further claims the Defendants are individually liable for defamation.

26. The allegations brought by Defendants and the statements contained therein are false and defamatory.

27. All Defendants in this Complaint who made unprivileged publications of such statements to third parties are liable for the claim of defamation. Each publication by a named Defendant to a third person, or other named Defendant, is actionable as a separate and individual claim of defamation.

28. All Defendants in this Complaint were negligent and/or reckless and/or malicious in publishing such false and defamatory statements to third parties and/or each other.

29. Such statements allege criminal activity on the part of the Plaintiff and thus are defamatory per se and therefore the claim is actionable irrespective of special harm.

30. Furthermore, as a direct and proximate cause of the Defendants' defamatory statements the Plaintiff would allege special harm caused by the publication, including, but not limited to, mental and emotional distress, loss of capacity to enjoy life, loss of earning capacity and loss of reputation. The

Plaintiff seeks a judgment for these compensatory damages in the amount appropriate in a court of law in an amount listed further in the Complaint.

31. Furthermore, due to the Defendants' reckless, intentional, malicious, and/or criminal behavior, the Plaintiff seeks punitive damages in the amount that a jury finds.

## MALICIOUS PROSECUTION

32. Plaintiff realleges paragraphs 1 through 31, and further reserves the right to claim that Defendants are liable for malicious prosecution.

33. Defendants initiated judicial proceedings against the plaintiff without probable cause that the Plaintiff committed any crime.

34. Defendants brought such criminal proceedings against the Plaintiff with malice.

35. The action ended in a final determination in favor of the Plaintiff

36. As a direct and proximate cause of the Defendants' malicious prosecution, the Plaintiff seeks damages, including, but not limited to, mental and emotional distress, loss of capacity to enjoy life, loss of earning capacity and loss of reputation. The Plaintiff seeks a judgment for these compensatory damages in the amount appropriate in a court of law in an amount listed further in the Complaint.

37. Furthermore, due to the Defendants' reckless, intentional, malicious, and/or criminal behavior, the Plaintiff seeks punitive damages in the amount that a jury finds.

## ABUSE OF PROCESS

38. Plaintiff realleges paragraphs 1 through 37, and further claims that all named Defendants are individually liable for abuse of process.

39. The Defendants had ulterior motives in bringing such criminal proceedings against the Plaintiff, including, but not limited to, damaging the Plaintiff's reputation.

40. The Defendants used improper processes in the investigation and prosecution of the charge, including, but not limited to, as well as other processes which will be disclosed after further discovery.

41. As a direct and proximate cause of the Defendants' abuse of process, as well as other named Defendants, the Plaintiff alleges damages, including, but not limited to, mental and emotional distress, loss of capacity to enjoy life, loss of earning capacity and loss of reputation. The Plaintiff seeks a judgment for these compensatory damages in the amount appropriate in a court of law in an amount listed further in the Complaint.

42. Furthermore, due to the Defendants' reckless, intentional, malicious, and/or criminal behavior, the Plaintiff seeks punitive damages in the amount that a jury finds.

## OUTRAGEOUS CONDUCT

43. Plaintiff realleges paragraphs 1 through 42, and Defendants, as well as other named Defendants, are individually liable for outrageous conduct.

44. As a direct and proximate cause of the Defendants' outrageous conduct, the Plaintiff suffered damages, including, but not limited to, defamation of character and reputation in the community and worldwide, as well as his profession; he has been held

8

up to ridicule; he has suffered emotional distress in the form of depression, frustration, fits of anger, and loss of self confidence and self esteem.

45. Furthermore, due to the Defendants' reckless, intentional, malicious, and/or criminal behavior, the Plaintiff seeks punitive damages in the amount that a jury finds.

**Wherefore**, the Plaintiff sues the Defendants for compensatory damages in the amount of five million dollars ($5,000,000.00) and punitive damages for wanton, willful, intentional, malicious, and/or criminal behavior in the amount of five million dollars ($5,000,000.00) and demands a jury to try the case. The Plaintiff sues the Defendants for any general damages not specified within the Complaint.

Respectfully submitted, this 9th day of July, 2009.

_[signature]_
Pro Se
07-09-09